Battle, J.
 

 We are unable to discover any ground upon which the action can be sustained. It is xxot pretended that the boy
 
 Dmy
 
 was carried out of the coxxxxty, or employed at any fishery. It seems to us to be equally clear that he was xxot employed on water. Whatever extent of signification may be given to the words, “ employed on water-,” we cannot see how they can embrace a case like the present, where the
 
 *3
 
 boy’s only business in connection with water, was to carry horses to drink where the river was shallow some distance from the shore, with express instructions from the hirer not to ride them into deep water. The boy’s life was lost by his own folly or imprudence while he was, at his own request, and without the knowledge or consent of the hirer, engaged in the service of another person.
 

 The engagement to return the boy to the guardian at the ■end of the year, cannot be brought to the aidof the plaintiff. The defendant did not, upon any fair construction of his contract, become the insurer of the boy’s life. ITis obligation was nothing more or less than that of every bailee, to return the article at the expiration of the bailment, should it not be lost or destroyed without any default on his part. We hold that the hirer was not guilty of any default in this case, and consequently that the judgment of the Court below in his favor, must be affirmed.
 

 Per Curiam.
 

 Judgment affirmed.